De'Wayne German THOMAS, Plaintiff—Appellant,

v.

Juanita C. HODGE, Defendant— Appellee.

No. 02–15188.

D.C. No. CV–99–06620–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM**

De'Wayne German Thomas, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

The district court properly dismissed Thomas' action without prejudice because

---

* The panel unanimously finds this case suitable for decision without oral argument, and de-

nies Thomas' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

prisoners must exhaust administrative remedies prior to bringing suit in federal court, even where the sole relief sought is monetary. *See Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Thomas' contention that the district court erred by applying *Booth* retroactively to his case lacks merit. *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("[A] rule of federal law, once announced and applied to the parties to the controversy, must be given full retroactive effect by all courts adjudicating federal law").

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

